FILED
NOV - 8 2011
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMUNDO PARDO RUBI, CDCR #AG-3691,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK O'TOOLE, et al.,<br><br>Defendants. | Civil No.   11-1948 BEN (BLM)<br><br>ORDER:<br><br>(1) DIRECTING CLERK OF COURT TO FILE PLAINTIFF'S COMPLAINT NUNC PRO TUNC;<br><br>(2) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING CASE WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(a); AND<br><br>(3) DENYING MOTION FOR TOLLING OF TIME WITHOUT PREJUDICE<br><br>[ECF Nos. 1, 5] |

On August 15, 2011, Plaintiff Edmundo Pardo Rubi, currently incarcerated at the California Men's Colony State Prison located in San Luis Obispo, California, and proceeding pro se, submitted for filing a civil rights complaint in the Central District of California. In addition, Plaintiff filed a "Request to Proceed *In Forma Pauperis* ("IFP")," along with a "Motion for Tolling of Time." [ECF Nos. 1, 5]. On August 19, 2011, District Judge Audrey Collins determined that venue was properly suited in the Southern District of California and transferred the action. As an initial matter, the Clerk of Court is

directed to file Plaintiff's Complaint, currently "lodged" as "Attachment 1" to Plaintiff's Request to Proceed IFP, nunc pro tunc to August 15, 2011.

## I.  REQUEST TO PROCEED IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "Under the PLRA [Prison Litigation Reform Act], all prisoners who file IFP civil actions must pay the full amount of the filing fee," regardless of whether the action is ultimately dismissed for any reason. *See Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002) (citing 28 U.S.C. § 1915(b)(1) & (2)).

In order to comply with the PLRA, prisoners seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . ." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *see Taylor*, 281 F.3d at 850. Thereafter, the institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

While Plaintiff has filed a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), he has not attached a certified copy of his prison trust account statement for the 6-month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIV. L.R. 3.2. Section 1915(a)(2) clearly mandates that prisoners "seeking to bring a civil action . . . without prepayment of fees . . . *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added).

Without Plaintiff's trust account statement, the Court is simply unable to assess the appropriate amount of the filing fee which is statutorily required to initiate the prosecution of this action. *See* 28 U.S.C. § 1915(b)(1).

## II. MOTION FOR TOLLING OF TIME

Plaintiff has also filed a "Motion and Notice of Motion for Tolling of Time." [ECF No. 5]. In this Motion, while not entirely clear, Plaintiff appears to seek a stay of this action until "Plaintiff gets out of prison by July 22, 2012." (*See* Mot. at 7.) Plaintiff offers no rationale to support this request and fails to identify how he is unable to proceed with this action while he is incarcerated. Accordingly, the Court finds there is no basis to stay this action and **DENIES** Plaintiff's Motion for Tolling of Time without prejudice.

## III. CONCLUSION AND ORDER

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Clerk of Court is directed to "File" Plaintiff's Complaint nunc pro tunc to August 15, 2011.

(2) Plaintiff's Motion for Tolling of Time [ECF No. 5] is **DENIED** without prejudice.

(3) Plaintiff's Motion to Proceed IFP [ECF No. 1] is **DENIED** and the action is **DISMISSED** without prejudice for failure to prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a).

(4) Plaintiff is **GRANTED** until December 27, 2011 to either: (1) pay the entire $350 filing fee, **or** (2) file a new Motion to Proceed IFP, *which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and Civil Local Rule 3.2(b).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with a Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" in this action. If Plaintiff

///
///
///

neither pays the $350 filing fee in full nor sufficiently completes and files the attached Motion to Proceed IFP, *together with a certified copy of his trust account statement by December 27, 2011*, this action shall remained closed without further Order of the Court.

DATED: November 08, 2011

HON. ROGER T. BENITEZ
United States District Court Judge