FILED

JAN 3 1 2012

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMUNDO PARDO RUBI, CDCR #AG-3691,<br><br>                                   Plaintiff,<br><br>                    vs.<br><br>PATRICK O'TOOLE, et al.,<br><br>                                   Defendants. | Civil No.    11-1948 BEN (BLM)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED** *IN FORMA PAUPERIS*; **and**<br><br>**(2) DISMISSING ACTION FOR FAILING TO STATE A CLAIM AND FOR SEEKING MONETARY DAMAGES AGAINST DEFENDANTS WHO ARE IMMUNE PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)**<br><br>**[ECF No. 8]** |

On August 15, 2011, Plaintiff, currently incarcerated at the California Men's Colony State Prison located in San Luis Obispo, California, and proceeding pro se, submitted for filing a civil rights complaint in the Central District of California. In addition, Plaintiff filed a "Request to Proceed *In Forma Pauperis* ('IFP')," along with a "Motion for Tolling of Time." [ECF Nos. 1, 5]. On August 19, 2011, District Judge Audrey Collins determined that venue was properly suited in the Southern District of California and transferred the matter. As an initial matter, the Clerk of Court is directed to file

1  Plaintiff's Complaint, currently "lodged" as "Attachment 1" to Plaintiff's Request to Proceed IFP, nunc
2  pro tunc to August 15, 2011.

3        On November 8, 2011, the Court denied Plaintiff's Motion to Proceed IFP for failing to provide
4  a certified copy of his trust account statement as required pursuant to 28 U.S.C. § 1915(a)(2).   On
5  December 12, 2011, Plaintiff filed a new Motion to Proceed IFP, along with a certified copy of his
6  inmate trust account statement [ECF No. 8].

7  **I.**    **MOTION TO PROCEED IFP**

8        All parties instituting any civil action, suit, or proceeding in a district court of the United States,
9  except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).
10  An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP
11  pursuant to 28 U.S.C. § 1915(a).   *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007);
12  *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  Prisoners granted leave to proceed IFP,
13  however, remain obligated to pay the entire fee in installments, regardless of whether the action is
14  ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

15        The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C.
16  § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28
17  U.S.C. § 1915(a)(2) and Civil Local Rule 3.2.  Plaintiff's trust account statement shows that he has
18  insufficient funds from which to pay an initial partial filing fee.

19        Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 8] and assesses
20  no initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the Court further orders the Secretary
21  of the California Department of Corrections and Rehabilitation ("CDCR") to garnish the entire $350
22  balance of the filing fees owed in this case, collect and forward them to the Clerk of the Court pursuant
23  to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

24  **II.**    **SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

25        The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also obligate
26  the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are
27  "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for,
28  violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary

1   program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).  Under

2   these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP

3   complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek

4   damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A; *Lopez v. Smith*,

5   203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446

6   n.1 (9th Cir. 2000) (§ 1915A).

7       **A.    Rule 8**

8           An initial review of Plaintiff's Complaint demonstrates that Plaintiff has failed to comply with

9   Rule 8.  Specifically, Rule 8 provides that in order to state a claim for relief in a pleading, it must contain

10  "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement

11  of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(1) & (2).   Plaintiff's

12  Complaint is over sixty (60) pages long, names seventy-five (75) Defendants, and imposes an "unfair

13  burden on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996).  In its current

14  form, Plaintiff's Complaint fails to give defendants fair notice of the claims against them. *Id.* If Plaintiff

15  chooses to file an Amended Complaint, he must comply with Rule 8.   Because Plaintiff is also

16  incarcerated, he is further cautioned that he must also comply with Local Rule 8.2 which provides, in

17  part, that prisoners must use the Court's form complaints and any additional pages are "not to exceed

18  fifteen (15) in number." S.D. CAL. CIV. L.R. 8.2.

19      **B.    Heck Bar**

20          The majority of Plaintiff's claims arise from the criminal prosecution that was brought against

21  him in 2003.  Plaintiff claims a number of prosecutors and judges engaged in a conspiracy to hold him

22  liable for criminal violations, and as a result he claims to "suffer from false imprisonment." (Compl.

23  at 4.) However, these claims amount to an attack on the constitutional validity of an underlying criminal

24  proceeding, and as such, may not be maintained pursuant to 42 U.S.C. § 1983 unless and until he can

25  show that conviction has already been invalidated. *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir.

26  2003) ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has

27  no cause of action under § 1983 . . . .'" (quoting *Heck v. Humphrey*, 512 U.S. 477, 489 (1994)); *Heck*,

28  512 U.S. at 486-87.

1  "In any § 1983 action, the first question is whether § 1983 is the appropriate avenue to remedy

2  the alleged wrong." *Haygood v. Younger*, 769 F.2d 1350, 1353 (9th Cir. 1985) (en banc).  A prisoner

3  in state custody simply may not use a § 1983 civil rights action to challenge the "fact or duration of his

4  confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).  The prisoner must seek federal habeas

5  corpus relief instead. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005).  Thus, Plaintiff's § 1983 action "is

6  barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter

7  the target of his suit (state conduct leading to conviction or internal prison proceedings)—if success in

8  that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 82.

9      In this case, Plaintiff's claims that his constitutional rights were violated during his criminal

10  proceedings "necessarily imply the invalidity" of his criminal proceedings and continuing incarceration.

11  *Heck*, 512 U.S. at 487.  In creating the favorable termination rule in *Heck*, the Supreme Court relied on

12  "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of

13  outstanding *criminal judgments*." *Id.* at 486 (emphasis added).  This is precisely what Plaintiff attempts

14  to accomplish here.  Therefore, to satisfy *Heck*'s "favorable termination" rule, Plaintiff must first allege

15  facts which show that the conviction and/or sentence which forms the basis of his § 1983 Complaint has

16  already been: (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by

17  a state tribunal authorized to make such a determination; or (4) called into question by the grant of a writ

18  of habeas corpus. *Id.* at 487 (emphasis added).

19      Plaintiff's Complaint alleges no facts sufficient to satisfy *Heck*.  Thus, because Plaintiff seeks

20  damages for allegedly unconstitutional criminal proceedings in a criminal case, and because he has not

21  shown that his conviction has been invalidated, either by way of direct appeal, state habeas, or pursuant

22  to 28 U.S.C. § 2254, a § 1983 claim for damages cannot be maintained, *see id.* at 489-90, and his

23  Complaint must be dismissed without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585

24  (9th Cir. 1995) (finding that an action barred by *Heck* has not yet accrued and thus, must be dismissed

25  without prejudice so that the plaintiff may reassert his § 1983 claims if he ever succeeds in invalidating

26  the underlying conviction or sentence); *accord Blueford v. Prunty*, 108 F.3d 251, 255 (9th Cir. 1997).

27      Moreover, even if Plaintiff *could* show that the criminal conviction upon which his claims are

28  based has already been terminated in his favor, his Complaint would still be subject to dismissal

-4-                                    11cv1948 BEN (BLM)

1   pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) to the extent it seeks monetary damages against

2   the criminal prosecutors and judges.  Criminal prosecutors are absolutely immune from civil damages

3   suits premised upon acts committed within the scope of their official duties which are "intimately

4   associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430

5   (1976); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *Burns v. Reed*, 500 U.S. 478,

6   487-93 (1991).  A prosecutor is immune even when the prosecutor's malicious or dishonest action

7   deprived the defendant of his or her liberty. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).

8          Judges are also absolutely immune from money damages arising from alleged constitutional

9   violations during Plaintiff's criminal trial.  "Judges and those performing judge-like functions are

10  absolutely immune from damage liability for acts performed in their official capacities." *Id.* Therefore,

11  judges have absolute immunity from civil proceedings relating to these actions, which were performed

12  within their judicial discretion.

13         **C.    Private Parties**

14         Plaintiff also apparently seeks to hold liable private parties with whom he had business dealings.

15  However, Plaintiff does not allege any actions on the part of these Defendants which were taken "under

16  color of state law."  *See* 42 U.S.C. § 1983; 28 U.S.C. § 1915(e)(2)(B)(ii).  Private parties do not

17  generally act under color of state law; thus, "purely private conduct, no matter how wrongful, is not

18  within the protective orbit of section 1983." *Ouzts v. Md. Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir.

19  1974); *see also Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991).  While a plaintiff may seek to

20  hold a private actor liable under § 1983, he must allege facts that show some "state involvement which

21  directly or indirectly promoted the challenged conduct." *Ouzts*, 505 F.2d at 553; *see also Johnson v.

22  Knowles*, 113 F.3d 1114, 1118-20 (9th Cir. 1997); *West v. Atkins*, 457 U.S. 42, 49, 54 (1988).  In other

23  words, Plaintiff must show that the private actor's conduct is "fairly attributable" to the government.

24  *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *see also Vincent v. Trend W. Technical Corp.*, 828

25  F.2d 563, 567 (9th Cir. 1987).

26         Here, Plaintiff's Complaint fails to allege facts sufficient to show that these Defendants acted

27  on behalf of, or in any way attributable to, the state.  Thus, without more, Plaintiff's allegations against

28  these Defendants fail to satisfy the first prong of a § 1983 claim. *See Haygood*, 769 F.2d at 1354.

**D.     Statute of Limitations**

Further, while also not clear, it appears that all of the actions which Plaintiff alleges in his Complaint arose from events that occurred from 2001 to 2003.  Where the running of the statute of limitations is apparent on the face of the complaint, dismissal for failure to state a claim is proper. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993).  Because § 1983 contains no specific statute of limitations, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999).  Before 2003, California's statute of limitations was one year. *Jones*, 393 F.3d at 927.  Effective January 1, 2003, the limitations period was extended to two years. *Id.* (citing CAL. CIV. PROC. CODE § 335.1).

Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Hardin v. Staub*, 490 U.S. 536, 543-44 (1989) (federal law governs when a § 1983 cause of action accrues).  "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391; *see also Maldonado*, 370 F.3d at 955 ("Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.").

Here, Plaintiff seeks to hold Defendants liable for events that occurred in 2003.  Thus, Plaintiff would have reason to believe that his constitutional rights were violated eight years ago. *Id.; see also Maldonado*, 370 F.3d at 955.  However, Plaintiff did not file his Complaint in this case until August 15, 2011, which exceeds California's statute of limitations. *See* CAL. CODE CIV. PROC. § 335.1; *Jones*, 393 F.3d at 927.  Plaintiff does not allege any facts to suggest how or why California's two-year statute of limitations might be tolled for a period of time which would make his claims timely. *See, e.g.*, CAL. CODE CIV. PROC. § 352.1 (tolling statute of limitations "for a maximum of 2 years" during a prisoner's incarceration); *Fink*, 192 F.3d at 916 (finding that CAL. CODE CIV. PROC. § 352.1 tolls a California prisoner's personal injury claims accruing before January 1, 1995 for two years, or until January 1, 1995, whichever occurs later, unless application of the statute would result in a "manifest injustice").

1    Pursuant to *Fink*, Plaintiff's claims against Defendants, accruing in 2003, would be tolled for two

2    years. California's two-year statute of limitations would then begin to run—requiring Plaintiff to file this

3    action against these Defendants no later than 2007. Generally, federal courts also apply the forum state's

4    law regarding equitable tolling. *Fink*, 192 F.3d at 914; *Bacon v. City of Los Angeles*, 843 F.2d 372, 374

5    (9th Cir. 1988). Under California law, however, a plaintiff must meet three conditions to equitably toll

6    a statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the

7    product of forces beyond his control; and (3) the defendants must not be prejudiced by the application

8    of equitable tolling. *See Addison v. California*, 21 Cal.3d 313, 316-17 (1978); *Hull v. Cent. Pathology*

9    *Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (2d Dist. 1994); *see also Fink*, 192 F.3d at 916. Here,

10   however, Plaintiff has failed to plead any facts which, if proved, would support the equitable tolling of

11   his claims. *See Cervantes*, 5 F.3d at 1277. Thus, Plaintiff's claims against all of the Defendants must

12   be dismissed pursuant to 28 U.S.C. § 1915(e)(2) because it appears from the face of the pleading that

13   Plaintiff's claims are time-barred. *Id.*

14       **E.    Supplemental Jurisdiction**

15       Plaintiff also apparently seeks to bring state law claims against the named Defendants. However,

16   because Plaintiff cannot identity a violation of a federal law, the Court exercises its discretion to dismiss

17   Plaintiff's pendent state law claims without prejudice. *See* 28 U.S.C. § 1367(c)(3) ("The district court

18   may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district

19   court has dismissed all claims over which it has original jurisdiction."); *United Mine Workers of Am.*

20   *v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, . . . the state

21   claims should be dismissed as well."); *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997)

22   ("[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law

23   claims under 1367(c) is discretionary.")

24       The Court dismisses Plaintiff's Complaint for failing to state a claim upon which relief can be

25   granted and for seeking monetary relief against immune Defendants. *See* 28 U.S.C. §§ 1915(e)(2) &

26   1915A. However, Plaintiff will be permitted to file an Amended Complaint. Plaintiff is cautioned that

27   he must comply with Rule 8 and Local Rule 8.2.

28

**III.   CONCLUSION AND ORDER**

Good cause appearing, **IT IS HEREBY ORDERED**:

1.      Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 8] is **GRANTED**.

2.      The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.      The Clerk of Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4.      The case is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted and for seeking money damages against immune Defendants. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

5.      Plaintiff is granted until March 16, 2012 to file an amended complaint which addresses each deficiency of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. CAL. CIV. L.R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

6.      The Clerk of Court is directed to mail a court approved form § 1983 complaint to Plaintiff.

DATED: January 3/, 2012

HON. ROGER T. BENITEZ
United States District Court Judge